UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

23 SEP -1  PM 2: 09

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| INTEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

Case No. 1:23MC1041  RP

Pending in: The United States District
Court for the Eastern District of Texas,
Marshall Division—No. 2:22-cv-203-JRG

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL INTEL CORPORATION TO
COMPLY WITH SUBPOENAS**

## TABLE OF CONTENTS

**Page**

I.    FACTUAL BACKGROUND .............................................................................. 1

    A.    The Underlying Patent Infringement Action ...................................... 1

    B.    Netlist Seeks Narrowly Tailored Relevant Information from Intel ...................... 2

II.    ARGUMENT .................................................................................................. 4

    A.    Netlist Seeks Relevant Information Central to the Underlying
        Action ................................................................................................. 4

    B.    Alternatively, Netlist's Motion Should Be Transferred to the
        Eastern District of Texas Where the Underlying Patent
        Infringement Action Is Pending .......................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Volkswagen Grp. of Am., Inc.*,
  2022 WL 229365 (W.D. Tex. Jan. 26, 2022) ...................................................................8, 10

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
  2019 WL 11828237 (C.D. Cal. June 17, 2019) .......................................................................5

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
  807 F.3d 1283 (Fed. Cir. 2015).................................................................................................6

*Crocs, Inc. v. Effervescent, Inc.*,
  2017 WL 3888455 (D. Colo. Jan. 30, 2017)........................................................................5, 6

*Crosby v. La. Health Serv. & Indem. Co.*,
  647 F.3d 258 (5th Cir. 2011) .....................................................................................................4

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018)....................................................................................................5

*In re Gen. Mfg. Indus., LLC*,
  2023 WL 2213199  (D. Del. Feb. 24, 2023) ........................................................................6, 7

*Google LLC v. Uniloc USA, Inc.*,
  2020 U.S. Dist. LEXIS 58929 (W.D. Tex. Apr. 3, 2020).........................................................7

*Kilopass Tech. Inc. v. Sidense Corp.*,
  2011 WL 2470493 (N.D. Cal. June 21, 2011) ..........................................................................6

*M2M Sols. LLC v. Motorola Sols., Inc.*,
  2016 WL 70814 (D. Del. Jan. 6, 2016)......................................................................................5

*In re Subpoena Issued to Cisco Sys., Inc.*,
  2010 WL 3155895 (N.D. Cal. Aug. 9, 2010) ...........................................................................6

*Vinton Steel, LLC v. Commercial Metals Co.*,
  2023 U.S. Dist. LEXIS 42334 (W.D. Tex. Mar. 14, 2023) ......................................................9

*Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*,
  2017 U.S. Dist. LEXIS 69366 (W.D. Tex. Apr. 27, 2017).....................................................10

*Zamora v. GC Servs., L.P.*,
  2017 WL 1861843 (W.D. Tex. Feb. 17, 2017).........................................................................4

**Statutes**

35 U.S.C. § 271(b) ............................................................................................5

**Rules**

Fed. R. Civ. P. 26 ..........................................................................................1, 4

Fed. R. Civ. P. 45 .......................................................................................1, 4, 7

Pursuant to the Federal Rules of Civil Procedure Rules 26 and 45, Netlist, Inc. ("Netlist"),

the Plaintiff in the underlying action, by and through its attorneys, respectfully moves for an order

compelling Intel Corporation ("Intel") to comply with document production and deposition

subpoenas Netlist served on June 14, 2023. Ex. 1 (subpoena *duces tecum*); Ex. 2 (deposition).

Specifically, Netlist seeks an order compelling Intel to produce, within 7 days after the

Court's entrance of the order, documents sufficient to show the following information:

1. The part numbers and quantities of Micron DDR5 DIMMs that are used or imported
   into the United States by Intel from May 1, 2021 through the present. This includes
   any of those incorporated in Intel servers or computers that are imported into the United
   States, or used, sold, offered for sale in the United States.
2. Documents sufficient to show the location(s) where Intel evaluates or analyzes any
   Micron DDR5 DIMMs to determine whether to purchase quantities of the design.

Netlist also asks the Court to compel Intel to prepare a witness to testify as to the same topics and

the authentication of documents Intel will produce. The requested information and documents are

relevant to Netlist's damages claims for the patents at issue in the underlying action.

In the alternative, Netlist respectfully requests that the Court transfer this subpoena-

enforcement action to the Eastern District of Texas, where the underlying patent infringement

action has been pending for over a year.

## I.    FACTUAL BACKGROUND

### A.    The Underlying Patent Infringement Action

Netlist's subpoenas were served in connection with a patent infringement lawsuit Netlist

brought against Micron Technology, Inc., Micron Semiconductor Products Inc., and Micron

Technology Texas LLC (collectively "Defendants" or "Micron"), which are suppliers of memory

products accused of infringing Netlist's six patents in suit. *Netlist, Inc. v. Micron Tech., Inc.*, No.

22-cv-203-JRG (E.D. Tex.). Fact discovery in the underlying patent infringement action closes

on September 5, 2023. Ex. 5 (E.D. Tex. Docket Control Order) at 3.[1] Netlist's opening expert reports are due on the same day. *Id.* Under the docket control order entered by the E.D. Tex. Court, the parties are ordered to file motions to compel by September 5, 2023. *Id.*

Micron's discovery responses identified Intel as a customer of Micron's DDR5 RDIMMs, DDR5 SODIMMs, and DDR5 UDIMMs (collectively "DDR5 DIMMs") accused of infringing one or more of Netlist's U.S. Patent Nos. 11,016,918 (the '918 patent) and 11,232,054 (the '054 patent). On information and belief, Intel purchased Micron's DDR5 DIMMs for use in its servers and computers. Micron disclosed worldwide sales of DDR5 DIMMs to Intel, but only a subset of such DDR5 DIMMs were shipped by Micron directly to Intel at a U.S. location. Discovery is thus necessary to determine: whether Intel imported any Micron accused DDR5 DIMMs into the United States after taking the possession of them overseas; how many Micron DDR5 DIMMs were ever used, sold, or offered for sale in the United States by Intel; and whether substantial sales activities of those products Micron delivered to Intel overseas otherwise occurred in the U.S.

**B.    Netlist Seeks Narrowly Tailored Relevant Information from Intel**

Because Micron does not have possession of detailed information tracking how or where its customers, including Intel, use the DDR5 DIMMs, Netlist served subpoenas for document production and deposition on Micron's customers seeking discovery of the identity and quantity of the DDR5 DIMMs that Intel imported into or used, sold, offered for sale in the United States as well as locations where Intel conducted testing or qualification of Micron's accused products.

On June 14, 2023, Netlist noticed Micron its intent to serve subpoenas on Intel for

---

[1] The parties jointly moved for a short extension of the fact discovery deadline to September 20. No. 22-cv-203 Dkt. 139 (E.D. Tex. Aug. 19, 2023). The court has not ruled on the motion.

documents production and deposition. Ex. 3 (Netlist's notice of subpoenas). The subpoena was

served on Intel's registered agent for service of process in Texas on the same date. Ex. 1 at 1

(Proof of Service). Intel does not dispute that the service is sufficient and effective. Nor does Intel

otherwise dispute the enforceability of the subpoenas.

Netlist's June 14 document production subpoena requests the following:

"[7] Documents sufficient to identify Your products that use or incorporate any Micron
Accused DDR4 LRDIMM, Micron Accused DDR5 DIMMs, and/or Micron Accused
HBMs, respectively, including information showing: (1) the part numbers; (2) quantities
of each product made, used, sold, or offered for sale by You; and (3) the number of Micron
Accused Memory Products used or incorporated in each of Your identified products.

[8] For Your products that incorporate or use any Micron Accused Memory Products
identified in response to [7], documents sufficient to show the percentage of such products
made, used, sold, or offered for sale in the United States or imported into the United
States...

[12] Documents sufficient to show the location(s) where You evaluate or analyze any
Micron Accused Memory Products to determine whether to purchase quantities of the
design. Ex. 1 at 11-12 (Netlist's 06-14-2023 document production subpoena).

Netlist also served a parallel deposition subpoena seeking an Intel corporate representative to

testify as to same topics. Ex. 2 at 9-10 ("9. The product numbers, quantities, and other identifiers

of Your products using or incorporating any Micron Accused Memory Products, and the numbers

of Micron Accused Memory Products incorporated in each of Your product. 10. Among all of

Your products using or incorporating any Micron Accused Memory Products, the percentage of

those products that are made, used, sold, or offered for sale in the United States or imported into

the United States.").

On June 28, Intel served written responses and objections to Netlist's subpoenas. Exs. 6,

7. Netlist promptly requested a meet-and-confer on June 29. During the parties' meet and confers

on July 10 and 25, Netlist repeatedly explained the relevance of its requests as to its damages

calculations in the underlying patent infringement action. To reach a compromise and avoid

motion practice, Netlist made several attempts to narrow the scope of its subpoena.  For instance, on August 26, Netlist identified four outstanding document production requests and provided temporal limitations to these requests. Ex. 4 (2023-8-26 Zhao Email) (providing 2-3 year temporal limitations for the requests). After that, Netlist again narrowed its requests by withdrawing those directed to DDR4 LRDIMMs and HBM products.  *Id.* at 2 (2023-08-30 Zhao email).

Although Intel repeatedly committed to conducting investigation into the requested information, it has not produced any document showing any record of its U.S. shipment, use, or sale of Micron's accused DDR5 DIMMs or locations where Intel conducted product qualification. During the parties' discussions, Intel never objected to Netlist's requests based on lack of relevance nor argued that it does not have possession of the relevant information.  Further, Intel never provided any evidence or examples showing that it would be difficult or unduly burdensome for Intel to retrieve or product documents sufficient to answer Netlist's requests.

## II.    ARGUMENT

### A.    Netlist Seeks Relevant Information Central to the Underlying Action

Federal Rule of Civil Procedure 45 governs discovery from nonparties through the issuance of subpoenas.  Fed. R. Civ. P. 45; advisory committee notes to 2013 amendment.  The scope of discovery through a Rule 45 subpoena is governed by Rule 26(d).  *Zamora v. GC Servs., L.P.*, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017).  Netlist is allowed to conduct discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(d); *see also Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

### 1.    Number of Micron DDR5 DIMMs Intel Imported into or Used, Sold, Offered for Sale in the United States

Netlist's subpoena seeks relevant damages information and documents that fall squarely

within the requirements of Rule 26(b).

As discussed above, *supra* 2, Micron sold products to Intel that Micron did not ship to the U.S.  Such products, if ever shipped to, imported into, or used in the United States by Intel (or its agents), are properly a part of the damages base for Netlist's infringement claims in the patent infringement action. *See Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 408 (Fed. Cir. 2018) (35 U.S.C. § 271(b) provides liability for sales of products that were later imported into the United States by others); *Cal. Inst. of Tech. v. Broadcom Ltd.*, 2019 WL 11828237, at *10 (C.D. Cal. June 17, 2019) (denying summary judgment of noninfringement as to products Broadcom allegedly sold to Apple overseas but that were "eventually imported into the United States" inside Apple products).

District courts have found that third-party discovery is appropriate (and encouraged) under circumstances like this where a dispute exists as to whether certain products ultimately ended up being used or imported into the United States by the defendants' customers. *See, e.g., M2M Sols. LLC v. Motorola Sols., Inc.*, 2016 WL 70814, at *21 (D. Del. Jan. 6, 2016) ("Plaintiff could have taken some third-party discovery of these customers to prove that at least some accused products were eventually imported into the U.S."); *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 3888455, at *1 (D. Colo. Jan. 30, 2017) (granting motion to compel Walgreens, third party customer of the accused infringer Dawgs, to produce documents "sufficient to show, on an annual basis and by specific product and model number and date, all sales [Walgreens] made since 2006, in or from the United States to customers, of footwear products [Walgreens] initially purchased or acquired from U.S.A. Dawgs [] including but not limited to the quantify of sales and price(s) at which such sales were made to customers").

Intel has not shown any undue burden to produce such documents or information—and it

cannot, because Netlist only seeks information typically stored in the ordinary course of Intel's business. *See Crocs*, 2017 WL 3888455, at *1; *see also In re Subpoena Issued to Cisco Sys., Inc.*, 2010 WL 3155895, at *2 (N.D. Cal. Aug. 9, 2010) (compelling third party to produce worldwide sales data of the accused products); *Kilopass Tech. Inc. v. Sidense Corp.*, 2011 WL 2470493, at *3 (N.D. Cal. June 21, 2011) (compelling defendants' customer, Amimon, to produce documents about its "use and implementation of the accused [products/technologies] as well as financial information concerning the sales of any chips or products containing the accused Sidense technology"); *see also In re Gen. Mfg. Indus., LLC*, 2023 WL 2213199, at *4 (D. Del. Feb. 24, 2023) (finding compliance with the subpoena is not unduly burdensome because the subpoenaed party has not provided the court with evidence showing the burden of production such as "an estimate of the amount of documents that many be responsive to the subpoena").

### 2.   Locations Where Intel Qualifies or Tests the Accused Products

Netlist's Request No. 12 seeks documents sufficient to show the location(s) where Intel evaluates or analyzes any Micron Accused Memory Products to determine whether to purchase quantities of the design. Ex. 1 (Netlist's 06-14-2023 document production subpoena) at 12.

This request is relevant to determine whether substantial activities of a sales transaction occurred in the United States and therefore is properly within the damages base for Netlist's infringement claims. The Federal Circuit found in *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1309 (Fed. Cir. 2015) that it is appropriate to consider the entire sales cycle of the accused products in assessing damages, including evidence showing that "the activities related to designing, simulating, testing, evaluating, qualifying the chips by Marvell as well as by its customers occur[ ] in the United States." Additionally, the Court overseeing the underlying litigation has already determined that the locations where Micron's customers perform

testing/qualification of the accused products is relevant. *See* Ex. 9 (E.D. Tex. Court order) (requiring Micron to produce "documents showing documents regarding customer's approval or product qualification which occurred in the U.S."). Intel has not claimed that it has shared such information with Micron, thus, Netlist must seek it from Intel.

Intel again has not explained how many documents responsive to these topics are in its possession or how production of such documents would be overly burdensome. *In re Gen. Mfg. Indus., LLC*, 2023 WL 2213199, at *4 (finding compliance with the subpoena is not unduly burdensome because the subpoenaed party has not provided the court with evidence showing the burden of production such as "an estimate of the amount of documents that may be responsive to the subpoena"). Thus, Intel must produce the requested documents.

### B.   Alternatively, Netlist's Motion Should Be Transferred to the Eastern District of Texas Where the Underlying Patent Infringement Action Is Pending

In the alternative, Netlist respectfully requests that the Court transfer this subpoena to the Eastern District of Texas. Rule 45(f) allows the transfer of subpoena-related motions to the issuing court upon the Court's finding of exceptional circumstances. Fed. R. Civ. P. 45(f). The Advisory Committee's comments explained that transfer to the issuing court where the underlying action is pending is warranted when the interests in having the issuing court decide the discovery dispute "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion" or when transfer can "avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment, (f).

District courts in this Circuit have consistently granted motions to transfer subpoena-related actions to the issuing courts where the underlying action involves complicated issues and where the issuing court has more knowledge of the intricacies of the complex litigation, impending discovery deadlines, and burden on the parties. *See, e.g., Google LLC v. Uniloc USA, Inc.*, 2020

U.S. Dist. LEXIS 58929, at *5 (W.D. Tex. Apr. 3, 2020) (transferring subpoena-enforcement action to E.D. Tex. Court because "the underlying cases are a complicated series of patent cases involving complex relationships between parties and nonparties and their interests in the patents in issue."); *Arigna Tech. Ltd. v. Volkswagen Grp. of Am., Inc.*, 2022 WL 229365, at *2 (W.D. Tex. Jan. 26, 2022) (transferring subpoena-enforcement action to E.D. Tex. Court because it is a "complicated" patent case and "the interest in the issuing court deciding the discovery dispute outweighs [nonparty]'s interest in deciding the issue in Austin, Texas").

Here, transferring this subpoena-enforcement action to E.D. Tex. is appropriate.

*First*, the E.D. Tex. court is well-suited to decide the disputes between Netlist and Intel. Netlist's lawsuit against Micron has been pending before Judge Gilstrap and Magistrate Judge Payne for over a year since June 10, 2022. Ex. 8 (Patent Action Docket sheet). The E.D. Tex. court has held three separate hearings on the parties' discovery disputes, including Netlist's motion to compel Micron to produce worldwide sales and financial data. *Id.* (docket sheet showing Dkt. 153, 122, 91). At the hearings, the parties disputed what constitutes U.S. sales for damages. For example, during the July 26 hearing, Micron argued that it should not be compelled to produce its global sales data on the ground that only products it shipped to the United States are sales relevant to Netlist's damages claims. Judge Payne rejected Micron's argument and ordered Micron to produce its worldwide sales data. Ex. 9 (Dkt. 123 of E.D. Tex. action granting motion to compel). The court also noted at the hearing that Netlist has articulated a theory to prove up their entitlement to damages based on those sales of Micron accused products delivered outside of the United States, and the court stated that it understood that Netlist will need discovery about sales outside the U.S. if it is going to try to determine whether customers outside the U.S. imported those infringing parts

back into the United States.[2]  Because of the E.D. Tex. court's familiarity with Netlist's damages claims and the parties' disputes regarding U.S. sales, it is better equipped to decide the need and burden on the parties in connection with Netlist's subpoena on Intel more efficiently.

*Second*, transferring the parties' disputes to the issuing court can avoid the risk of inconsistent rulings.  Intel is one of multiple third party customers using Micron's accused products subpoenaed in the underlying patent infringement action. Netlist has filed a parallel motion to compel Micron's other customer Google LLC and Alphabet Inc. and sought to transfer that subpoena-enforcement action to the Eastern District of Texas as well. *Netlist, Inc. v. Google LLC, C.A.,* No. 23-MC-369-UNA (D. Del. Aug. 9, 2023).  Having Netlist's discovery disputes against Micron's customers resolved in the same court can best serve the interests of efficiency and judicial economy. *See Vinton Steel, LLC v. Commercial Metals Co.*, 2023 U.S. Dist. LEXIS 42334, at *13 (W.D. Tex. Mar. 14, 2023) (transferring subpoena-enforcement action because plaintiff served similar subpoenas on other third-parties and "the risk of potentially inconsistent rulings by multiple courts presents exceptional circumstances warranting transfer").

*Third*, transferring this action to E.D. Tex. can avoid any potential interruption to the trial schedule. The underlying patent infringement action is on a fast schedule. Fact discovery is set to complete by September 5; expert discovery is set to complete by October 10; and trial will start on January 22, 2024. Ex. 5 (E.D. Tex. Docket Control Order). Given the upcoming deadlines, the Court's decision on Netlist's motion to compel may require modifications to the schedule in the underlying case to ensure that Netlist has a fair opportunity to conduct follow-up discovery and to include the requested materials in its expert reports. Thus, it is important for the issuing court to

---

[2] The hearing was held under seal as Micron requested.  Netlist can provide the transcript for an in camera review if the Court deems necessary.

exercise its document management by deciding the scope of third party discovery as disputed by Netlist and Intel in this subpoena and to determine the appropriate timeline for compliance. *See Vinton Steel*, 2023 U.S. Dist. LEXIS 42334, at *11-*12 ("not transferring the motions could potentially disrupt [the underlying Judge's] management...insofar as this Court requires time to adequately familiarize itself with the underlying action").

*Fourth*, transferring this subpoena enforcement action to the E.D. Tex. court would not cause an undue burden on Intel, a multinational corporation with presence in various places in the United States, including in Texas. *See Arigna Tech.*, 2022 WL 229365, at *2 ("discovery rulings from the Eastern District are available through a 'discovery hotline' without travel to the Eastern District; therefore, any travel burden on a local non-party imposed by transfer to the Eastern District of Texas is minimal"); *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 U.S. Dist. LEXIS 69366, at *3-*6 (W.D. Tex. Apr. 27, 2017) (transferring subpoena-enforcement action because "Visionworks is a national corporation with 740 stores located throughout the country" and thus "unlike a situation where an individual or small business is required to comply with a subpoena outside of its locality, place of compliance is of little moment in this instance."). Moreover, any issues regarding the location of production or a deposition should be able to be easily resolved. For example, any document production would be done electronically, and any deposition would be remotely or, if not remotely, at the witness's location. Further, as discussed above, the "presiding judge in the underlying case is in a much better position ... to determine how crucial the documents requested from [Intel] are to [Netlist's claims] in the [underlying] case, which is a significant part of the balancing analysis a court needs to conduct to decide [any] undue burden objection." *Id.* at *5.

Dated: September 1, 2023

Respectfully submitted,

*George T. Fishback, Jr.*
_____

George T. Fishback, Jr.
Texas State Bar No. 24120823
gfishback@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Netlist and counsel for Intel had telephonic meet and confers with respect to the subject matter of this Motion on July 10, July 25, and August 25, 2023. Although Intel agreed to investigate the requested documents and information, it never made any document production in response to the requests identified in this motion or committed to make such production before the discovery cutoff of the underlying patent infringement action.   The parties are thus at an impasse.

*s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on Defendant via process server with the Original filing papers additionally, all counsel from the original proceeding have been served via email.

*/s/ George T. Fishback, Jr.*
George T. Fishback, Jr.