UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTEL CORPORATION, <br><br> Defendant. | Case No.  1:23-mc-01041-PR-DMH <br><br> Pending in: The United States District Court for the Eastern District of Texas, Marshall Division—No. 2:22-cv-203-JRG |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF THE MOTION TO COMPEL INTEL CORPORATION TO COMPLY WITH SUBPOENAS (DKT. 1)**

## TABLE OF CONTENTS

**Page**

I. This Action Should Be Transferred to E.D. Tex. Because Intel Does Not Oppose Netlist's Request ................................................................................................... 1

II. Netlist's Motion to Compel Should Be Granted ................................................................ 1

    A. Each of Netlist's Production Requests Seek Relevant Information ...................... 1

    B. Intel Did Not Carry Its Burden to Show that It Lacked the Requested Information Regarding the U.S. Shipment, Use, or Sale of Micron DDR5 DIMMs or that Complying with the Subpoena Is Overly Burdensome ........................................................................................ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Pontiac Gen. Emps. Ret. Sys. v. Holley*,
   2017 WL 7805749 (W.D. Tex. Mar. 21, 2017) ........................................................................1

*Crocs, Inc. v. Effervescent, Inc.*,
   2017 WL 3888455 (D. Colo. Jan. 30, 2017) ........................................................................1, 2

*Kilopass Tech. Inc. v. Sidense Corp.*,
   2011 WL 2470493 (N.D. Cal. June 21, 2011) ........................................................................1

*M2M Sols. LLC v. Motorola Sols., Inc.*,
   2016 WL 70814 (D. Del. Jan. 6, 2016) ...................................................................................1

*In re Motion to Compel Compliance With a Subpoena AD Testificandum
   Lynk Labs, Inc.*, 2023 WL 2311948 (N.D. Cal. Feb. 28, 2023) ...............................................2

*In re Subpoena Issued to Cisco Sys., Inc.*,
   2010 WL 3155895 (N.D. Cal. Aug. 9, 2010) .........................................................................1

**Statutes**

35 U.S.C. § 271(b) .........................................................................................................................1

**Rules**

Fed. R. Civ. P. 37(a) ......................................................................................................................5

Fed. R. Civ. P. 45(f) .......................................................................................................................1

## I.   This Action Should Be Transferred to E.D. Tex. Because Intel Does Not Oppose Netlist's Request

In its opening brief, Netlist asks the Court to transfer this Action to the Eastern District of Texas, where the underlying patent infringement action is pending. Dkt. 1 at 7-10. Intel did not raise any objections to Netlist's motion to transfer. *See* Opp. (Dkt. 6). Thus, this Action should be transferred to the Eastern District of Texas for reasons raised in Netlist's Motion, or alternatively based on Intel's consent. Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents. . . ."); *City of Pontiac Gen. Emps. Ret. Sys. v. Holley*, 2017 WL 7805749, at *2 (W.D. Tex. Mar. 21, 2017) (granting motion to transfer the subpoena-related action to the court where the underlying action was pending based on the subpoenaed party's consent and finding of exceptional circumstances).

## II.   Netlist's Motion to Compel Should Be Granted

### A.   Each of Netlist's Production Requests Seek Relevant Information

As detailed in Netlist's opening brief, Netlist's subpoena on Intel seeks narrowly tailored information relating to the calculation of Netlist's damages base. *See* Mot. at 4-7. Specifically, the number of Micron accused products shipped to, imported into, sold, used, or offered for sale in the United States by Intel is part of the damages base for both indirect infringement and direct infringement claims. *See* 35 U.S.C. § 271(b) (providing liability for sales of products that were later imported into the United States by others); *see also M2M Sols. LLC v. Motorola Sols., Inc.*, 2016 WL 70814, at *21 (D. Del. Jan. 6, 2016); *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 3888455, at *1 (D. Colo. Jan. 30, 2017); *In re Subpoena Issued to Cisco Sys., Inc.*, 2010 WL 3155895, at *2 (N.D. Cal. Aug. 9, 2010); *Kilopass Tech. Inc. v. Sidense Corp.*, 2011 WL 2470493, at *3 (N.D. Cal. June 21, 2011).

1

Intel does not dispute that these cases clearly hold that third-party discovery regarding the importation, use, or sale of the accused products is relevant for damages calculation. *See generally* Opp. at 3-6. Instead, Intel attempts to distinguish these cases by conflating relevant issues with Netlist's burden of proof on its infringement claims. Specifically, Intel argues that Netlist "must first prove [Micron, the accused infringer] possessed the requisite knowledge and specific intent to induce direct infringement in the United States" before seeking any discovery. *See* Opp. at 4-5 (citing *Enplas Display Device* and *DSU Med. Corp. v. JMS Co.*). Contrary to Intel's assertion, the E.D. Tex. Court has already found that discovery with respect to specific numbers of Micron accused products are ultimately imported into the United States is relevant. *See* Motion at 8-9 (explaining that the E.D. Tex. Court found "Netlist has articulated a theory to prove up their entitlement to damages based on those sales of Micron accused products delivered outside of the United States, and the court stated that it understood that Netlist will need discovery about sales outside the U.S. if it is going to try to determine whether customers outside the U.S. imported those infringing parts back into the United States"); *see also In re Motion to Compel Compliance With a Subpoena AD Testificandum Lynk Labs, Inc.*, 2023 WL 2311948, at *2 (N.D. Cal. Feb. 28, 2023) (explaining that even if the movant cannot ultimately carry its burden to prove willful infringement, it "has articulated a reasonable basis for seeking discovery [] in connection with that claim"). Netlist does not need to further prove its indirect infringement claims to Intel before Intel will provide relevant discovery.

Intel attempts to distinguish *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 3888455, at *1 (D. Colo. Jan. 30, 2017) on the ground that "Netlist has made no such allegations that Micron's discovery responses are incomplete" because "Micron has provided Netlist with its worldwide sales of DDR5 DIMMs to Intel." Opp. at 5. Intel's argument completely misses the mark. Netlist

is seeking information that could show the exact units of Micron accused products that *Intel* ultimately shipped to the United States, including those incorporated in Intel's products that Intel used, sold, or offered to sell in the United States. Simply put, the worldwide sales data Micron produced cannot address Netlist's discovery requests. Intel knows this well. Indeed, Intel's counsel asked several times during meet and confers with Netlist whether Micron agrees to stipulate that a certain amount of its sales would constitute U.S. sales for damages purposes, and Netlist explained that since the beginning of this Action, Micron has made its position clear—it "absolutely" will not agree to any stipulation. *See, e.g.*, Dkt. 2-1 (Exhibit 4 to Netlist's motion) at 14 ("As discussed during the call, as of now, we have not received any stipulation as to U.S. sales from Micron, and Micron has taken a firm position that it will not do so.").

      **B.**      **Intel Did Not Carry Its Burden to Show that It Lacked the Requested Information Regarding the U.S. Shipment, Use, or Sale of Micron DDR5 DIMMs or that Complying with the Subpoena Is Overly Burdensome**

As an initial matter, Intel never stated affirmatively during the parties' meet and confer that it "does not track whether products containing DDR5 DIMM modules contain Micron DDR5 DIMMs," let alone provide any witness declaration or otherwise substantiating such assertion.

In fact, Netlist sought this information from Intel as early as July 11, 2023:

> With respect to sales documents, please confirm that Intel does not track the information regarding the use of specific suppliers' components in its products. As I explained during the call, if that is the case, we are open to considering accepting sales data showing: (1) the percentage of Intel products using the accused products from any supplier that ended up being shipped into [the] United States; (2) the percentage of Micron accused components purchased by Intel as opposed to those from other suppliers like SK hynix or Samsung.

Dkt. 2-1 at 14 (2023-07-11 Zhao Email). Netlist again repeated its position on August 25, 2023, while providing a narrowed list of specific requests for document production by explaining: "If Intel does not have any of the above referenced data, we are happy to figure out alternative ways to get similar information." *Id*. at 7.

Intel never responded, and never otherwise confirmed what is and what is not in Intel's possession—until its filing of the opposition on September 8, 2023. Instead, Intel repeatedly ignored Netlist's requests for a meet and confer. *See* Dkt. 2-1 at 10-11 (Netlist counsel following up 4 times on July 25, August 2, August 8, and August 11 before receiving a response from Intel); *id.* at 8-9 (Netlist counsel following up 3 times on August 17, August 23, and August 24 before receiving any response from Intel). And then during the parties' meet and confer, Intel kept stating that it is still conducting the investigation on Netlist's discovery requests. It turns out that the purported "investigation" that took months long is nothing but a delay tactic to wait until the discovery deadline in Netlist's underlying patent infringement action passes.

Thus, to the extent Intel indeed lacks information with respect to the specific amount of DDR5 DIMMs supplied by Micron that are imported into the United States by Intel or otherwise incorporated into Intel's products sold, offered for sale, used in the United States, Intel must produce documents sufficient to show the following, as requested by Netlist's document production subpoena and in Netlist's July 11, 2023 email:

(1) the percentage of Intel products using DDR5 RDIMMs, SODIMMs, and/or UDIMMs from any supplier that ended up being shipped into the United States;

(2) the percentage of Micron DDR5 RDIMMs, SODIMMs, and/or UDIMMs purchased by Intel as opposed to those from other suppliers such as SK hynix or Samsung.

*See* Dkt. 2-1 at 14 (2023-07-11 Zhao *Email*); Dkt. 1-2 (Netlist's Document Production Subpoena) at 11-12 (RPF Nos. 7-8).[1] Intel has not stated it does not have this information nor has it otherwise

---

[1] "[RFP No. 7] Documents sufficient to identify Your products that use or incorporate any Micron Accused DDR4 LRDIMM, Micron Accused DDR5 DIMMs, and/or Micron Accused HBMs, respectively, including information showing: (1) the part numbers; (2) quantities of each product made, used, sold, or offered for sale by You; and (3) the number of Micron Accused Memory Products used or incorporated in each of Your identified products.

shown that it is overly burdensome to comply with Netlist's subpoena. *See generally* Opposition.

In light of Intel's delay tactic and refusal to confirm whether it has the requested information in its possession until after Netlist filed this instant Motion, Netlist reserves the right to seek proper sanctions, including attorneys' fees in connection with its enforcement of the subpoena under the Federal Rules of Civil Procedure 37(a).


Dated: September 15, 2023

Respectfully submitted,

*/s/ George T. Fishback, Jr.*

George T. Fishback, Jr.
Texas State Bar No. 24120823
gfishback@McKoolSmith.com
**MCKOOL SMITH, P.C**.
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***Attorneys for Plaintiff Netlist, Inc.***

---

[RFP No. 8] For Your products that incorporate or use any Micron Accused Memory Products identified in response to [7], documents sufficient to show the percentage of such products made, used, sold, or offered for sale in the United States or imported into the United States."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on Defendant via the Court's ECF/CM system.

/s/ *George T. Fishback, Jr.*
George T. Fishback, Jr.
