UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETLIST, INC., § | |
| § | |
| v. § | |
| § | No. 1:23-MC-1041-RP-DMH |
| INTEL CORPORATION § | |

ORDER

Before the Court is Petitioner Netlist's Motion to Compel Intel Corporation to Comply with Subpoenas, Dkt. 1. The court which originated the subpoena is located in the Eastern District of Texas where the underlying suit is pending. *Netlist, Inc., v. Micron, Tech, Inc.*, No. 22-CV-203-JRG (E.D. Tex.).

The subpoenas that are the subject of the instant motion were served in connection with a patent infringement suit in which Netlist is suing Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC, which are suppliers of products accused of infringing six of Netlist's patents. The discovery deadline in that case is September 5, 2023. The motion now before the Court was filed on September 1, 2023.

Micron's discovery responses identified Intel as a customer of Micron's products, which are accused of infringing Netlist's patents. Netlist seeks discovery from Intel in order to identify whether Intel purchased accused products from Micron which were imported into the United States, how many accused products were utilized in the United States by Intel, and whether substantial sales of products Micron delivered to Intel overseas otherwise occurred in the United States.

1

Because Micron does not have detailed information of how its customers use the allegedly infringing products, Netlist seeks this information from Intel.

On June 14, 2023, Netlist served a subpoena on Intel seeking discovery, along with a deposition subpoena of an Intel corporate representative seeking to testify on topics including: (1) Intel products allegedly incorporating the infringing Micron products including quantities; (2) Intel products allegedly incorporating the infringing Micron products sold in the United States including quantities. Netlist asserts the discovery is relevant and that product would not be burdensome. As an alternative to its motion, Netlist requests that its motion to compel be transferred to the Eastern District of Texas, where the underlying litigation is now pending.

Intel opposes the motion, asserting that it has produced hundreds of pages of responsive material, and objects to the discovery request on the bases of relevance, proportionality, and undue burden. Intel asserts that it does not possess the bulk of information that Netlist seeks as it does track which of its products contain Micron products, which it uses along with other competing similar products. Additionally, Intel argues that its non-party sales data is irrelevant in an infringement suit against Micron.

The undersigned's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 WL 6184940, at *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are

challenging a subpoena. *See, e.g.*, Fed. R. Civ. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f).

The Advisory Committee's comments to the amendment indicate that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of [Rule 45] … that motions be made in the court in which compliance is required under Rule 45."  Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," either where the non-party consents, or where there are "exceptional circumstances." *Id.* On this issue, the Note states that, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented in the motion, or the same issues are likely to arise in discovery in many districts." *Id.* In making the decision to transfer, the Committee instructs that "the prime concern should be avoiding burdens on

local non-parties." *Id*. The Court finds this case presents an exceptional circumstance making transfer preferable.

The case underlying the subpoena in issue originated in the Eastern District of Texas. Dkt. 1-2. The Court finds that in this case the interest in the issuing court deciding the discovery dispute outweighs the parties' interest in deciding the issue in Austin, Texas.

First, the discovery deadline in the underlying suit is September 5, 2023, and the motion now before the undersigned was filed on September 1, 2023, and became ripe on September 8, 2023. The undersigned is loath to interfere in the discovery scheduling of its sister court in the Eastern District. That court and not this, has a better idea of whether this motion should be entertained, let alone granted.

Additionally, non-party Intel, while located in Austin, Texas, is not a small local business, but a large international company, which has been sued and brought suit many times in the Eastern District of Texas. Accordingly, transfer of Netlist's motion to compel would cause it no undue burden. Moreover, Intel has not expressed opposition to Netlist's motion to transfer.

The underlying case in issue is a patent case involving complicated relationships between many parties and non-parties and their interests in the patents in issue. The interest in having a single court decide all these issues outweighs Intel's interest in having the issue decided in Austin. These facts present sufficient "exceptional circumstances" to support the transfer of the motion under Rule 45(f). Accordingly, transfer of Netlist's Motion to Compel Dkt. 1, is proper.

IT IS THEREFORE ORDERED that Petitioner Netlist's Motion to Compel Intel Corporation to Comply with Subpoenas, Dkt. 1, is GRANTED IN PART and Netlist's Motion to Compel and all other remaining pending motions in the case are HEREBY TRANSFERRED to the United States District Court for the Eastern District of Texas. IT IS LASTLY ORDERED that this matter is CLOSED.

SIGNED September 28, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE